# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

STATE OF TENNESSEE,      )

     Appellee,      )

v.      )

GLENN BERNARD MANN,      )

     Appellant,      )

**FOR PUBLICATION**
**Filed: February 17, 1998**

DYER CRIMINAL

Hon. Joe G. Riley,
Judge

Supreme Court
No. 02-S01-9609-CC-00077

FILED

February 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## ORDER ON PETITION TO REHEAR

A petition for rehearing has been filed on behalf of appellant, Glenn Bernard Mann in which he requests the opportunity to rebrief and reargue the issue that his sentence is disproportionate under this Court's recent decision in State v. Bland, __ S.W.2d __ (Tenn. 1997). He asserts that "the failure to allow him the benefit of the new Bland procedures . . . would violate the Due Process Clauses of the Fourteenth Amendment and Article I, Section 8 of the Tennessee Constitution."

We disagree. The opinion in Bland plainly states that the enumerated factors had been drawn from "a review of the comparative proportionality discussions contained in our prior decisions." Therefore, the procedures are not "new."

An *amicus curiae* brief on comparative proportionality review has been submitted by Professor Dwight Aarons, of the University of Tennessee College of Law and Professor Michael Blankenship, of East Tennessee State University. We note that the brief was due before the decisions in Bland and Mann were released, but it was not filed until after their release. The *amicus curiae* submits that the pool of similar cases should include all first degree murder cases. In addition, they argue that some of the factors enumerated in the Bland decision do not aid the analysis, and others are irrelevant to the proportionality question. A majority of this Court agreed upon the analysis set forth in Bland. Though the

Court did not have the benefit of the *amicus curiae* brief, the decision in <u>Bland</u> addressed the issues raised therein.  The members of the Court continue to adhere to their respective opinions in <u>Bland</u>.

Accordingly, a majority of this Court had determined that the petition to rehear should be denied.  Justice Reid would grant the petition to rehear and utilize some of the material in the *amicus curiae* brief to refine the procedures announced in <u>Bland</u>.

For the foregoing reasons, the petition to rehear is denied.

FOR THE COURT:

_____
Frank F. Drowota, III,
Justice

**Concur:**
Anderson, C. J.
Birch, Holder, JJ.

Reid, J. - Dissents from the denial of the petition to rehear.