# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1999

FILED

December 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,

    Appellee,

vs.

DEBRA L. TROTTER,

    Appellant.

\*   C.C.A. No.W1998-00553-CCA-R3-CD

\*   SHELBY COUNTY

\*   Hon. Carolyn Wade Blackett, Judge

\*   (Theft of Property)

## DISSENTING OPINION

I disagree with the majority's rejection of an alternative sentence in this case. The appellant is a thirty-nine year old single mother of a ten year old son. After obtaining a GED, she attended college. She has always maintained gainful employment and has no criminal history. She stole $149,756.99 from her employer over a period of three years. She has agreed to make partial restitution.[1] Contrary to the trial court's findings, the appellant repeatedly expressed remorse and embarrassment over her conduct. She acknowledged that the stolen money was used for her son, herself and her sister who had health problems.

This court denies the appellant an alternative sentence based upon "circumstances of the offense," "lack of candor" and "failure to accept responsibility." This ruling, however, totally ignores the statutory requirement that " . . . sentences involving confinement <u>should be based</u> . . ." upon the sentencing considerations of Tenn. Code Ann. § 40-35-103(A), (B), and (C). <u>See</u> <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991) (construing sentencing principles), <u>State v. Jones</u>, 883 S.W.2d 597, 600 (Tenn. 1994) (in selecting sentence to be imposed 103 principles must be considered). None of the majority's above-mentioned reasons for imposing total confinement are found in Section 103(A), (B), or (C). As Judge Woodall has previously acknowledged:

> When imposing a sentence of total confinement, our Criminal

---

[1] The State did not oppose probation at the sentencing hearing. The proof also established that Traveler's Insurance Company has paid a portion of the loss.

> Sentencing Reform Act <u>mandates the trial court to base its decision on the considerations set forth in Tennessee Code Annotated section 40-35-103</u>. These considerations which militate against alternative sentencing include: the need to protect society by restraining a defendant having a long history of criminal conduct; whether confinement is particularly appropriate to effectively deter others likely to commit a similar offense; the need to avoid depreciating the seriousness of the offense; and the need to order confinement in cases in which less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1).

State v. Frankie Lee Lunsford, No. 03C01-9804-CR-00152 (Tenn. Crim. App. at Knoxville, May 21, 1999) (emphasis added); <u>see also</u> State v. Mark A. Hill, No. 01C01-9801-CC-00042 (Tenn. Crim. App. at Nashville, Dec. 21, 1998) (Riley, J.) (Sentence of confinement must be based on section 103 considerations). Again, none of these factors apply to this case.

In the present case, there is no showing that a sentence of confinement is necessary; thus, the denial of an alternative sentence is error. <u>See, e.g.</u>, <u>Stiller v. State</u>, 516 S.W.2d 617 (Tenn. 1974) (probation granted where defendant forged bank notes in sum of $26,000, made false banking entries and embezzled $65,740.00); State v. Grissom, 959 S.W.2d 514, 520 (Tenn. Crim. App. 1997) (alternative sentence granted for embezzlement of $29,000.00 where State failed to establish confinement consideration of section 103), State v. Millsaps, 920 S.W.2d 267, 271-272 (alternative sentence granted for embezzlement of $80,220.00 where State failed to establish confinement consideration of section 103); State v. Lynda Gayle Kirkland, No. 03C01-9606-CR-00248 (Tenn. Crim. App. at Knoxville, Feb. 12, 1997) (alternative sentence granted for embezzlement of $202,096.75). I echo the comments of this court's former presiding judge, Honorable Joe B. Jones, who in a somewhat analogous breach of trust case observed:

> Nothing will be gained by 'warehousing' this particular defendant in the Department of Corrections. . . . Furthermore, there is no evidence of substance contained in the record that a lengthy incarceration is in the public's or the defendant's best interest. . . . It is common knowledge the penal institutions of this State are filled to capacity with inmates who have committed more serious offenses than the defendant. . . [T]here are literally hundreds, perhaps thousands, of convicted felons confined in local jails awaiting transportation to a Department of Corrections facility when space permits. . . . When, as here, the defendant has an excellent chance for rehabilitation, requiring the defendant to serve her sentence in a penitentiary operated by the Department of Corrections will further complicate an already complex situation while serving no useful purpose.

State v. Smith, 735 S.W.2d 859, 865 (Tenn. Crim. App. 1987).

2

Clearly, this case sends mixed signals to the trial judges and creates disparity in sentencing. For these reasons, I would remand for imposition of an alternative sentence.


_____
DAVID G. HAYES, Judge

3