# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 4, 2001 Session

## STATE OF TENNESSEE v. JOHN MICHAEL BANE

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 89-01502    John P. Colton, Jr., Judge**

---

**No. W1997-02158-SC-DDT-DD - Filed July 3, 2001**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the majority decision to affirm the conviction in this case. I continue to believe, however, that the comparative proportionality review protocol embraced by the majority is inadequate and fails to satisfy this Court's duty, mandated by statute,[1] to ensure that no death sentence will be upheld unless it is proportionate to sentences imposed upon comparable defendants in similar cases. Because the protocol fails to provide convincing assurance that this defendant's death sentence is proportionate, I cannot join the majority decision to impose the death penalty in this case.

In a series of dissents, I have repeatedly urged the majority to correct the shortcomings I perceive in Tennessee's comparative proportionality review protocol. See, e.g., State v. Chalmers, 28 S.W.3d 913, 923-25 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Carruthers, 35 S.W.3d 516, 581 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 234 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Terry, ___ S.W.3d ___ (Tenn. 2001) (Birch, J., dissenting). The need for reform, I have suggested, centers upon three failings of the current protocol: "the 'test' we employ [for comparative proportionality review] is so broad that nearly any sentence could be found proportionate; our review procedures are too subjective; and the 'pool' of cases which are reviewed for proportionality is too small." Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting). If this Court is to adequately ensure that disproportionate sentences of death will not be upheld, these flaws must be corrected.

To date, the majority has made no discernible effort to remedy the flaws I have pointed out in our comparative proportionality review protocol. Because the protocol embraced by the majority

---

[1] See Tenn. Code Ann. § 39-13-206(c) (2000).

does not, in my view, reliably ensure that the defendant's death sentence is proportionate,[2] the Court has not effectively met the requirements of the comparative proportionality review statute. A death sentence imposed under such circumstances should not be allowed to stand. Accordingly, I respectfully dissent.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[2]The majority suggests that I have failed "to assert or establish that the sentence of death is either arbitrary or disproportionate as applied in this case to this defendant." Majority op. at ___. This view, however, misconstrues the crux of my dissent. My concern is that, under the majority analysis, it is impossible to conclude with any certainty that the defendant's sentence is not disproportionate. Thus, in my view, the majority has failed to sufficiently fulfill its statutory duty to ensure that the defendant's death sentence was not arbitrarily or disproportionately imposed.

Despite the majority's assertion that proportionality in this case is proven by "the similarity of the facts and circumstances of this case to numerous cases in which the death penalty has been upheld," its notion of similarity appears to be highly malleable. Among the cases held to have exhibited "similar facts and circumstances" to the case at bar, which involves an elderly victim who was choked and stabbed in his home during a planned robbery, are State v. Vann, 976 S.W.2d 93 (Tenn. 1998) (eight-year-old victim killed during the perpetration of aggravated rape and incest); State v. Chalmers, 28 S.W.3d 913 (Tenn. 2000) (young victim shot during unplanned, roadside robbery); State v. Mann, 959 S.W.2d 503 (Tenn. 1997) (elderly woman stabbed to death during aggravated rape); and State v. Hall, 958 S.W.2d 679 (Tenn. 1997) (defendant poured gasoline on his ex-girlfriend, who was lying in the front seat of her car, and burned her to death).

Given the subjectivity of the comparison protocol employed by the majority and the widely divergent cases included in the comparison pool, I must conclude that the finding of proportionality in this case is "nothing more than a statement that the reviewing court was able to describe the case before it in terms comparable to other capital cases." Chalmers, 28 S.W.3d at 924 (Birch, J., concurring and dissenting).