ADOLPHO A. BIRCH, Jr., J.,
concurring and dissenting.
I concur in the majority decision to affirm the conviction in this case. I continue to believe, however, that the comparative proportionality review protocol embraced by the majority is inadequate and fails to satisfy this Court’s duty, mandated by statute,[1] to ensure that no death sentence will be upheld unless it is proportionate to sentences imposed upon comparable defendants in similar cases. Because the protocol fails to provide convincing assurance that this defendant’s death sentence is proportionate, I cannot join the majority decision to impose the death penalty in this case.
In a series of dissents, I have repeatedly urged the majority to correct the shortcomings I perceive in Tennessee’s comparative proportionality review protocol. See, e.g., State v. Chalmers, 28 S.W.3d 913, 923-25 (Tenn.2000) (Birch, J., concurring and dissenting); State v. Carruthers, 35 S.W.3d 516, 581 (Tenn.2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 234 (Tenn.2000) (Birch, J., concurring and dissenting); Terry v. State, 46 S.W.3d 147 (Tenn.2001) (Birch, J., dissenting). The need for reform, I have suggested, centers upon three fadings of the current protocol: “the ‘test’ we employ [for comparative proportionality review] is so broad that nearly any sentence could be found proportionate; our review procedures are too subjective; and the ‘pool’ of cases which are reviewed for proportionality is too small.” Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting). If this Court is to adequately ensure that disproportionate sentences of death will not be upheld, these flaws must be corrected.
To date, the majority has made no discernible effort to remedy the flaws I have pointed out in our comparative proportionality review protocol. Because the protocol embraced by the majority does not, in my view, reliably ensure that the defendant’s death sentence is proportionate,[2] the *432 Court has not effectively met the requirements of the comparative proportionality review statute. A death sentence imposed under such circumstances should not be allowed to stand. Accordingly, I respectfully dissent.

APPENDIX

(Excerpts from the Court of Criminal Appeals’ Decision)
Filed Jan. 24, 2000
IN THE TENNESSEE COURT OF CRIMINAL APPEALS
AT JACKSON
AUGUST 1999 SESSION
STATE OF TENNESSEE, Appellee, v. JOHN MICHAEL BANE, Appellant.
C.C.A. NO. W1997-02158-CCA-R3-DD
SHELBY COUNTY
HONORABLE JOHN P. COLTON, JR., JUDGE
(Sentencing-Death Penalty)
ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY
Joseph S. Ozment, Memphis, TN, Charles S. Kelly, Dyersburg, TN, for the appellant.
Paul G. Summers, Attorney General and Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, TN, William L. Gibbons, District Attorney General, Thomas D. Henderson, Kevin R. Rardin, Assistant District Attorneys General, Memphis, TN, for the appellee.
DAVID H. WELLES, Judge.

OPINION

[Deleted: Summary of Facts and Testimony]
ANALYSIS
[Deleted: Especially Heinous, Atrocious or Cruel Aggravating Circumstance]
[Deleted: Avoiding Arrest Aggravating Circumstance]
[Deleted: Impeachment of Witness]
[Deleted: Accomplice Instruction]
Sentencing Instructions:
Because the murder in this case occurred before the 1989 amendments to the death penalty statute, the trial court instructed the jury under the law in existence at the time of the crime. The appellant insists, however, that the trial court should have instructed the jury pursuant to the 1989 changes. Specifically, the appellant asserts the judge should have instructed the jury that it must find that the aggravating circumstances outweigh the mitigating circumstances beyond a reasonable doubt. Prior to 1989, the statute called for the death penalty upon a finding that the aggravating circumstances are not outweighed by the mitigating circumstances. T.C.A. § 39-2-203 (1982). The supreme court has consistently held that a trial court does not err by instructing the jury under the statute as it existed at the time of the offense. See, e.g., State v. Walker, 910 S.W.2d 381, 397 (Tenn.1995); *433 State v. Brimmer, 876 S.W.2d 75, 82 (Tenn.1994). This issue is without merit.
Similarly, the appellant contends the trial court should have provided the jury instructions on the nonstatutory mitigating circumstances he submitted to the court. In State v. Cauthern, 967 S.W.2d 726, 746-47, (Tenn.1998), a capital case in which a resentencing hearing was ordered for a pre-1989 murder, the supreme court adopted the portion of this Court’s opinion that addressed this very issue. Citing State v. Odom, 928 S.W.2d 18 (Tenn.1996), the court held that the trial court was not compelled to provide nonstatutory instructions on mitigating evidence and should have instructed the jury under the law as it existed. The trial court in this case did precisely that. Accordingly, there is no merit to the appellant’s contention.
[Deleted: Prosecutorial Misconduct]
[Deleted: Exclusion of Witness]
Removal of Juror for Cause:
The appellant contends the trial court erroneously excused a prospective juror during voir dire. He argues that, although the juror initially stated he could not vote for imposing the death penalty, upon further questioning by defense counsel the juror acknowledged that he could follow the mandates of the law as instructed by the trial judge. The appellant further argues the trial judge improperly and excessively questioned the juror even after he had allegedly been rehabilitated by defense, thereby forcing his removal from the panel.
Upon questioning by the prosecutor, prospective juror Yual Carpenter stated that no matter what the case he could not personally agree to sentence someone to death. The prosecutor asked for excusal. The following exchange then occurred:
Prospective Juror Carpenter: The question he asked, well, if I did find like that, I couldn’t — because of my heart I couldn’t live with myself by doing that, by putting my name on that I just — • Defense Counsel: You don’t think under — if His Honor instructed you that it was the law and all that—
Juror: Yes.
Counsel: — and you went through that instruction that even if you found that that enhancement factor exists you’re saying you wouldn’t be able to do it? Juror: I don’t believe so because, you know ...
Counsel: You don’t think you’d be able to follow the law?
Juror: I could follow the law, but, you know, it would probably be—
Counsel: Well, I mean, you regard death as a very serious thing?
Juror: Yes.
Counsel: And having the power to take someone’s life is a very—
Juror: Yes. I don’t think — my signature shouldn’t have that pull.
[[Image here]]
Juror: What I’m trying to get you to understand is that like I couldn’t put my name on it.
Counsel: You don’t think you could do it even if His Honor instructed you to follow the law?
Juror: See, then it would be forcing me to do something against my will.
Counsel: Let me ask you this. If His Honor were to instruct you to follow the law would you follow the law?
Juror: Yeah, I’ll follow the law.
The trial court then asked Carpenter several questions regarding his position:
Court: All right. Mr. Carpenter, let me. ask you, sir, you say you couldn’t write *434 your name down. Now, the — you understand what the law is in this?
Juror: Yes, sir.
Court: — that you have the choice of life imprisonment or death by electrocution; is that correct?
Juror: Yes, sir.
Court: Now, that’s the law in the state of Tennessee.
Juror: Yes, sir.
Court: You understand that? Now, are you saying that you could not follow that law if it were presented to you beyond a reasonable doubt and to a moral certainty by the aggravating circumstances overcoming the mitigating circumstances you could not follow the law as far as death is concerned?
Juror: No, sir.
Court: You could not?
Juror: (No audible response.)
Court: All right. You’ll be excused. The Court finds that this juror irrevocably is committed prior to trial in this case that he will not follow the law of the state of Tennessee.
The applicable standard for determining whether a juror was properly excused for cause because of his or her beliefs on the death penalty was delineated in Wainwright v. Witt, 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985), and is as follows: “whether the juror’s views would ‘prevent or substantially impair the performance of his [or her] duties as a juror in accordance with his [or her] instructions and his [or her] oath.’ ” See State v. Alley, 776 S.W.2d 506, 518 (Tenn.1989) (Tennessee Supreme Court adopts Wainwright standard). Furthermore, the United States Supreme Court held that “this standard does not require that a juror’s bias be proved with ‘unmistakable clarity.’ ” Wainwright, 469 U.S. at 424, 105 S.Ct. at 852. The Court also noted that “deference must be paid to the trial judge who sees and hears the jurors.” Id. at 426, 105 S.Ct. at 853.
It appears to us that Carpenter’s answers “would ‘prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.’ ” Id. at 424, 105 S.Ct. at 852. See also, State v. Smith, 893 S.W.2d 908, 915-16 (Tenn.1994). Although this determination might not be “unmistakably clear,” it need not be. Moreover, as the United States Supreme Court has held, great deference should be given to the trial judge, who is “left with the definite impression that a prospective juror would be unable to faithfully and impartially apply the law.” Wainwright, 469 U.S. at 426, 105 S.Ct. at 853. The trial judge’s findings “shall be accorded a presumption of correctness and the burden shall rest upon the appellant to establish by convincing evidence that [those findings were] erroneous.” State v. Alley, 776 S.W.2d at 518 (Tenn.1989). Although the appellant claims that Carpenter was rehabilitated by defense counsel’s questions, the record simply does not support this argument. This issue is without merit.
[Deleted: Statutory Review]
CONCLUSION
Accordingly, for the reasons stated above, we affirm the appellant’s sentence of death. Because this case must automatically be reviewed by the Tennessee Supreme Court, we will not set an execution date. See T.C.A. § 39-13-206.
CONCUR:
JERRY L. SMITH, JUDGE
*435 JAMES CURWOOD WITT, JR., JUDGE

. See Tenn.Code Ann. § 39-13-206(c) (2000).

. The majority suggests that I have failed "to assert or establish that the sentence of death is either arbitrary or disproportionate as applied in this case to this defendant.” Majority op. at 415. This view, however, misconstrues the crux of my dissent. My concern is that, under the majority analysis, it is impossible to conclude with any certainty that the defendant’s sentence is 'not disproportionate. Thus, in my view, the majority has failed to sufficiently fulfill its statutory duty to ensure that the defendant’s death sentence was not arbitrarily or disproportionately imposed.
Despite the majority’s assertion that proportionality in this case is proven by "the similarity of the facts and circumstances of this case to numerous cases in which the death penalty has been upheld,” its notion of similarity appears to be highly malleable. Among the cases held to have exhibited “similar facts and circumstances” to the case at bar, which involves an elderly victim who was choked and stabbed in his home during a planned robbery, are State v. Vann, 976 S.W.2d 93 (Tenn.1998) (eight-year-old victim killed during the perpetration of aggravated rape and incest); State v. Chalmers, 28 S.W.3d 913 (Tenn.2000) (young victim shot during unplanned, roadside robbery); State v. Mann, 959 S.W.2d 503 (Tenn.1997) (elderly woman stabbed to death during aggravated rape); and State v. Hall, 958 S.W.2d, 679 (Tenn.1997) (defendant poured gasoline on his ex-girlfriend, who was lying in the front seat of her car, and burned her to death).
Given the subjectivity of the comparison protocol employed by the majority and the widely divergent cases included in the com *432 parison pool, I must conclude that the finding of proportionality in this case is "nothing more than a statement that the reviewing court was able to describe the case before it in terms comparable to other capital cases.” Chalmers, 28 S.W.3d at 924 (Birch, J., concurring and dissenting).