# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. MICHAEL TUCKER

### Appeal from the Criminal Court for Shelby County
### No. S99-05654     Chris Craft, Judge

_____

### No. W2000-02220-CCA-R3-CD - Filed November 20, 2002

_____

GARY R. WADE, P.J., concurring.

I agree with the results reached in the lead opinion authored by Judge Wedemeyer. I write separately, however, because I believe that the dissent places too much emphasis on the supplemental instruction defining "adequate provocation" rather than the context of the entire charge to the jury. Here, the trial court instructed the jury, in pertinent part, as follows: "that the killing resulted from a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." When the jury asked for a definition of "adequate provocation," the trial court abbreviated a definition of provocation which was contained in Black's Law Dictionary, 4th Edition, and charged the jury that "adequate provocation is one that excites such anger as might obscure the reason or dominate the volition of an ordinary reasonable man." In context, I do not view the instructions, even with the supplement, so narrowly as to so limit passion as being produced only by anger. This court has previously held that the term passion does not require definition because it is commonly used and "can be understood by people of ordinary intelligence." State v. Mann, 959 S.W.2d 503, app. at 522 (Tenn. 1997) (quoting State v. Raines, 882 S.W.2d 376, 383 (Tenn. Crim. App. 1994)). I would not classify the charge "review[ed] in its entirety and read . . . as a whole" as erroneous and join in the affirmance of the conviction. See State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997).

_____
GARY R. WADE, PRESIDING JUDGE