IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2003

## STATE OF TENNESSEE v. MICHAEL RENEE LEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-902-339-B      Russ Heldman, Judge**

---

**No. M2003-01077-CCA-R3-CD - Filed January 9, 2004**

---

Following a bench trial, the defendant, Michael Renee Lee, was convicted of aggravated burglary, a Class C felony, and theft over $1000, a Class D felony, and was sentenced as a career offender to fifteen years and twelve years, respectively. The sentences were ordered to be served consecutively for an effective sentence of twenty-seven years in the Department of Correction. On appeal, he argues that the evidence is insufficient to support his convictions and that the trial court erred in denying his motion for a continuance. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Stacey M. Brackeen, Franklin, Tennessee, for the appellant, Michael Renee Lee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon T. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant and a codefendant, Elvis Cotton, burglarized the home of Mr. and Mrs. Coy Bean in College Grove, Tennessee, on August 14, 2002, taking various items of property totaling $1425 in value. At trial, Mr. Bean testified he left for work at about 4:30 a.m. that day, and his wife left for work at 9:00 a.m. When his wife returned home at about 1:00 p.m., she discovered their home had been ransacked and several items, including a television, a VCR, a TV/VCR combination, a microwave, jewelry, a men's and a ladies' watch, a change machine, and a coin collection, were

missing. Mr. Bean said there was no forced entry into the home because, at that time, he and his wife did not lock their doors.

Deputy Michael J. Terns of the Williamson County Sheriff's Department testified that on August 14, 2002, he was an officer with the Spring Hill Police Department, and at about 12:00 p.m. that day, he stopped a blue Cadillac for expired license tags and improper registration. The defendant, who was driving, told Deputy Terns that he did not have a driver's license and gave Terns a false name. Upon conducting a search, Deputy Terns found a wallet under the driver's seat containing what appeared to be a Department of Safety receipt with the defendant's name on it. The defendant then admitted that his name was Michael Lee. Deputy Terns found a ladies' silver-colored watch and a men's watch on the defendant's person, a sock full of rings underneath the dashboard, a pipe used for smoking cocaine under the driver's seat, and a black purse containing a sock filled with silver coins inside the vehicle. A search of the trunk revealed a television, a TV/VCR combination, and a microwave. The defendant said that the ladies' watch found in his pocket belonged to his girlfriend. Cotton said that the vehicle belonged to him, but there was no title or registration in the vehicle, and a check of the vehicle identification number did not reflect Cotton or the defendant as the owner.

Detective David Beard of the Williamson County Sheriff's Department testified that he interviewed the defendant who admitted that he was with Cotton on the day of the burglary. The defendant said that he thought the victims' home was the home of Cotton's mother. The defendant also told Beard that the ladies' watch found in his pocket belonged to his girlfriend. However, Mr. and Mrs. Bean identified the property recovered from the defendant and Cotton as theirs, including the ladies' watch.

Elvis Cotton, the defendant's cousin and a codefendant, testified that he and the defendant were riding together on August 14, 2002, after "getting high on crack" cocaine. They stopped at the Beans' residence to ask for some gas for their vehicle, but, after determining that no one was home and that the back door was open, they went inside and took various items of property which they intended to sell or trade for drugs. Cotton said he never told the defendant that he was going to his mother's house and that the defendant knew where his mother lived. However, when he and the defendant were stopped, the defendant overheard him tell the officer that the television and jewelry belonged to his mother. Cotton said he pled guilty to aggravated burglary and theft over $1000 on November 12, 2002.

The defendant elected not to testify and presented no proof. At the conclusion of the bench trial, the defendant was convicted of aggravated burglary and theft over $1000. The trial court sentenced him as a career offender to fifteen years for the aggravated burglary and twelve years for the theft conviction, to be served consecutively, for an effective sentence of twenty-seven years in the Department of Correction.

# ANALYSIS

## I. Sufficiency of the Evidence

The defendant argues that the evidence is insufficient to support his convictions, saying that there is "doubt as to the role that [he] played in said burglary and theft."

In considering this issue, we apply the familiar rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); see also State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992); Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Aggravated burglary is defined as "burglary of a habitation." Tenn. Code Ann. § 39-14-403(a). Burglary is defined as:

> A person commits burglary who, without the effective consent of the property owner:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3) Enters a building and commits or attempts to commit a felony, theft or assault; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a).

Theft of property is committed by one who, with intent to deprive the owner of property, "knowingly obtains or exercises control over the property without the owner's effective consent." Id. § 39-14-103.

The evidence at trial established that, during a traffic stop the same day of the burglary, the defendant and his codefendant were found with the victims' property inside their vehicle and on the defendant's person. The victims subsequently identified the property recovered from the vehicle as theirs, and Mr. Bean estimated the total value of the property at $1425. Mr. Bean testified that he did not know the defendant and never gave his consent for the defendant to enter his home. The codefendant, Elvis Cotton, testified that he and the defendant took the victims' property with the intent to sell or trade it for drugs. Although the defendant claimed, during his interview with Detective Beard, that he thought the victims' home was the home of Cotton's mother and that they had her permission to take the property, Cotton denied that this was true and said that the defendant knew where his mother lived.

We conclude that the proof in this case, viewed in the light most favorable to the State, was sufficient to convict the defendant of aggravated burglary and theft of property over $1000.

## II. Denial of Motion to Continue

The defendant also argues that the trial court erred in denying his oral motion for a continuance. Immediately before the trial was to begin, trial counsel advised the court that the defendant, two days prior to the trial, had informed her of a possible witness. The defendant had given trial counsel the name of his girlfriend who he claimed was the owner of the ladies' watch found in his pocket.

The decision to grant or deny a request for a trial continuance rests within the sole discretion of the trial court. State v. Mann, 959 S.W.2d 503, 524 (Tenn. 1997) (citing State v. Morgan, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991)). We will reverse the trial court's denial of a continuance only upon a showing that the denial was an abuse of discretion, and the defendant was prejudiced by the denial, in that there is a reasonable probability that, had the continuance been granted, the result of the proceeding would have been different. Id. (citing State v. Dykes, 803 S.W.2d 250, 257 (Tenn. Crim. App. 1990)); State v. Cazes, 875 S.W.2d 253, 261 (Tenn. 1994). Based upon the information given to the court as the trial was ready to commence, we cannot conclude that the trial court erred in denying the continuance. No showing has been made that the defendant was prejudiced by the denial.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE