IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. QUINCY D. SCOTT**

**Appeal from the Criminal Court for Bradley County**
**No. 2006-CR-124   Andrew M. Freiberg, Judge**

_____

**No. E2018-02271-CCA-R3-CD**

_____

The Appellant, Quincy D. Scott, appeals as of right from the Bradley County Criminal Court's judgment revoking his probation. The State has filed a motion to affirm by memorandum opinion the judgment of the trial court. Following our review, we conclude that an opinion in this case would have no precedential value and affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Quincy D. Scott, Pro Se (on appeal); Richard Hughes, District Public Defender; and Keith Roberts, Assistant Public Defender (at hearing).

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Stephen D. Crump, District Attorney General; and Paul Moyle, Assistant District Attorney General.

**MEMORANDUM OPINION**

On October 11, 2006, the Appellant pleaded guilty in Bradley County Criminal Court to one count of sale of .5 gram or more of cocaine and was sentenced to eight years' incarceration to be served on probation. On August 11, 2014, a probation violation warrant issued alleging that the Appellant had garnered new arrests in February 2014 in McMinn County for violation of an order of protection, possession of schedule

VI drugs, and resisting arrest. The probation violation warrant also alleged new arrests in July 2014 in McMinn County for unlawful possession of a weapon, simple possession, and two counts of aggravated robbery.

At the December 14, 2018 revocation hearing, the Appellant requested a six-month continuance to allow him to file a petition for post-conviction relief challenging the McMinn County aggravated robbery conviction in the hope that the conviction would be overturned. The trial court noted that the revocation warrant had been pending for over four years and denied the motion for continuance. The State proceeded solely on the aggravated robbery conviction as grounds for revocation.[1] The Appellant admitted his arrest and conviction for the aggravated robbery but contended that he would establish his innocence of the aggravated robbery offense at post-conviction. The trial court considered the Appellant's lack of amenability to correction, failed attempts at less restrictive measures than confinement, and long history of criminal activity and concluded that the Appellant's probation should be revoked and that he should serve the remainder of his sentence in incarceration.

The Appellant filed a timely notice of appeal from the trial court's order revoking probation. Upon motion of the Appellant, this court permitted the Appellant to proceed pro se on appeal. On appeal, the Appellant argues that the trial court committed plain error by denying his motion for continuance of the revocation hearing. The State argues that the Appellant cannot establish plain error or an abuse of discretion and, therefore, the court should affirm by memorandum opinion the judgment of the trial court. Tenn. Ct. Crim. App. R. 20. In response to the State's motion, the Appellant filed a motion to submit the case for decision without the State's brief. Tenn. R. App. P. 29(c).

## Analysis

Rule 36(a) of the Tennessee Rules of Appellate Procedure provides that relief need not be granted to "a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). However, the rule further provides that "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the

---

[1] At the revocation hearing, the State presented the November 2, 2016, McMinn County Criminal Court's judgment convicting the Appellant of aggravated robbery and sentencing the Appellant to serve seventeen years' incarceration as a Range II, multiple offender. The judgments also reflect that the trial court ordered the seventeen-year sentence to be served consecutively to previously imposed sentences in Hamilton County case number 266966 and this case. On direct appeal, this court affirmed the judgment of the trial court. State v. Quincy D. Scott, No. E2017-01416-CCA-R3-CD, 2018 WL 3156979 (Tenn. Crim. App. June 27, 2018), perm. app. denied (Tenn. Oct. 11, 2018).

substantial rights of a party at any time, even though the error was not raised in the motion for new trial or assigned as error on appeal." Tenn. R. App. P. 36(b). The Appellant requested a continuance at the opening of the revocation hearing. The trial court denied the continuance. On appeal, the Appellant contends that the trial court's denial of the continuance was erroneous and should be reviewed via plain error. The issue concerning the continuance was properly preserved. Therefore, plain error analysis is inapt under these circumstances.

That said, it is well-established that the decision whether to grant a continuance rests within the sound discretion of the trial court. See State v. Mann, 959 S.W.2d 503, 524 (Tenn. 1997). The trial court's decision may only be reversed if the trial court abused its discretion and the appellant was improperly prejudiced. See State v. Morgan, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991). An appellant is improperly prejudiced by the denial of a motion for continuance when "a different result might reasonably have been reached if the continuance had been granted." Id.

In denying the motion for continuance, the trial court considered the length of time – over four years – that the probation revocation warrant had been pending and that the Appellant had not yet filed a petition for post-conviction relief challenging the aggravated robbery conviction that served as the basis for the revocation warrant. The Appellant has not established how he was prejudiced by the trial court's ruling. We cannot conclude that the trial court abused its discretion in denying the Appellant's motion to continue the probation revocation hearing.

## Conclusion

We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE