**STATE of Tennessee, Appellee,**

v.

**Jeffrey Darrell RUTHERFORD,
Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Sept. 16, 1993.

Permission to Appeal Denied by
Supreme Court Feb. 14, 1994.

J. Thomas Marshall, Jr., Public Defender,
Clinton, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra Spann, Asst. Atty. Gen., Nashville, James N. Ramsey, Dist. Atty. Gen., Jan Hicks, Asst. Dist. Atty. Gen., Clinton, for appellee.

## OPINION

PEAY, Judge.

The defendant was charged in the indictment with the first degree murder of Estoll Rutherford but was found guilty at a jury trial of murder in the second degree. He was later sentenced to 21 years imprisonment.

In this appeal as of right, the defendant challenges the manner in which the jury was instructed, the sufficiency of the evidence which led to his conviction, and the manner in which the term "knowing" was explained to the jury. We find the defendant's issues are without merit and affirm the judgment of the trial court.

Estoll Rutherford, the victim, and Jeffrey Darrell Rutherford, the defendant, were brothers. The defendant had a fifth grade education and is currently receiving S.S.I. benefits because of mental retardation.

On the evening of September 8, 1990, the defendant, the victim, and a friend of the victim, Jerry Everett, visited several local bars and taverns around Knoxville. They returned to the trailer of the Rutherford brothers' parents between 2:30 a.m. and 3:00 a.m. on the following morning, and according to testimony, no one was intoxicated.

Upon returning, the defendant began to playfully slap the victim. The victim told the defendant to stop it, but he did not. The victim grabbed the defendant in a headlock, and the defendant told him that he would "kick [his] ass. . . ." When the victim let his brother go, the defendant went to the kitchen and obtained a knife.

As he entered the living room, the defendant jabbed at the victim with the knife. The victim tried to get away from him but was backed into three different corners of the room. The victim called the defendant a "stupid ass", and the defendant stabbed him in the chest. When the victim removed the knife from his chest, he moved the knife back and forth. He then grabbed the defendant, threw him to the floor, and stomped his head several times.

The victim exited the trailer and collapsed on the porch approximately thirty seconds later. With the help of the defendant's wife, the victim's father and Everett carried the victim to Everett's car. The victim was then taken to the Anderson County Ambulance Service.

Jeff Force, a paramedic with the Anderson County Ambulance Service, treated the victim for shock and transported him to the Oak Ridge Hospital. As he was being unloaded at the hospital, the victim went into full cardiac and respiratory arrest. Dr. James Henry, the emergency room physician, received the victim, and ordered blood transfusions. He replaced approximately sixty percent of the victim's blood. Dr. Cleland Blake performed the autopsy on the victim's body and determined the cause of death to be a single stab wound between two and one-half and four inches deep.

At 7:00 a.m. the following morning the defendant was arrested at the Rutherford trailer by Detective Bill Breeding of the Anderson County Sheriff's Department. At that time the defendant denied knowing anything about an altercation with his brother.

The defendant was indicted on the charge of first degree murder. At the end of the jury trial, the judge instructed the jury that the charge of first degree murder included the lesser offenses of second degree murder, voluntary manslaughter, and criminally negligent homicide. The trial judge also told the jury, "[A]s you jurors entertain each lesser included offense, you will do so only after you find not guilty of the greater offense in the order presented".

The defendant claims that the "sequential" charge given to the jury was error. The defendant contends that the instruction prevented the jury from fulfilling its duty of determining the degree of homicide shown by the evidence. *Wilson v. State,* 574 S.W.2d 52, 55 (Tenn.Crim.App.1978). He also claims the instruction violates T.C.A. § 40–18–110.

The jury does have a duty to determine the grade of the offense, but the "sequential" instruction given to the jury was not violative of this duty under Tennessee law. The judge instructed the jury on all of the lesser offenses included in the charge of first degree murder as required by statute.

*See* T.C.A. § 40–18–110. The sequential jury instruction *did* not preclude the jury from considering the lesser charges. This is evident from the jury's finding of guilt of second degree murder rather than first degree murder.

◼ In addition, Tennessee Pattern Jury Instruction 41.01 suggests the type of sequential jury instruction that was given by the judge. These instructions do not have the force of law, but trial courts frequently use them as a source for jury instructions.

The defendant has also appealed on the sufficiency of the evidence. In particular, the defendant contends that there was insufficient evidence to sustain a conviction on the "knowing" aspect of second degree murder, and he claims that the trial court erred in refusing to set aside the jury verdict.

◼ A defendant challenging the sufficiency of the evidence has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

◼ The defendant in this case has failed to show that a rational trier of fact could not have found him guilty beyond a reasonable doubt. The "knowing" requirement of second degree murder

> ... refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

T.C.A. § 39–11–302(b). The defendant contends the circumstances surrounding the killing do not show that he was aware his conduct was reasonably certain to cause his brother's death. The defendant also claims that there should no longer be a presumption under Tennessee law that a killing is second degree murder. *See State v. Brown,* 836 S.W.2d 530, 543 (Tenn.1992) citing *Witt v. State,* 46 Tenn. 5, 8 (1868).[1]

◼ The defendant actively sought out a knife and chased his brother from corner to corner in the trailer. He stabbed the victim twice while chasing him. A reasonable trier of fact could have found that the defendant was aware of the nature of his conduct or was practically certain that the conduct would cause the result. The defendant's desire that the result occur is irrelevant.

We also find nothing in the record (nor does the defendant cite us to any place therein) to indicate that the trial court made a presumption of second degree murder because there was an unlawful killing. The defendant was indicted on a first degree murder charge rather than a second degree murder charge, and the trial judge, at no time, gave an instruction to the jury that a presumption of second degree murder should be made.

Finally, the defendant claims that the trial court did not properly instruct the jury with respect to the definition of the term "knowing." The defendant claims that the mere reading the legal definition of the word "knowing" is too ambiguous for the jury to understand. The defendant also claims that the ambiguity is aggravated in this case by the fact that the defendant is mentally retarded. We disagree.

◼ The defense claims that the jury should have been told that the defendant had to be aware of his conduct *and* aware that his conduct would cause the result, in this instance death. This is incorrect. "A defendant acts knowingly ... when he or she is aware of the conduct *or* is practically certain the conduct will cause the result, irrespective

---

1. *Brown,* although using the term homicide, apparently supports the proposition that once a murder is proven, it is presumed to be second degree and the burden is on the state to prove first degree.

of his or her desire that the conduct or result will occur." (emphasis added) T.C.A. § 39–11–302 (Sentencing Commission Comments).

Furthermore, it does not appear that any special instructions needed to be given to the jury because the defendant was mentally retarded. The effect that the defendant's mental retardation would have on his ability to form the culpable mental state was just another circumstance for the jury to consider in determining if the defendant in fact possessed the required mental state. For this reason the trial judge did not err in his instructions to the jury.

From a review of the record in this instance, we reach three conclusions. The sequential nature of the instructions given to the jury was proper. There was sufficient evidence to support a conviction of the defendant on second degree murder, and the trial judge properly instructed the jury as to the meaning of the term "knowing."

For the reasons set out above, the conviction of the defendant is affirmed.

WADE, J., and WILLIAM S. RUSSELL, Special Judge, concur.