# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

FILED

July 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9809-CR-00282** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY** |
| **QUINCY L. LOVE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Second Degree Murder) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

A.C. WHARTON, JR.
Shelby County Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM GIBBONS
District Attorney General

PHILLIP GERALD HARRIS
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

Following a jury trial, the Defendant was convicted of second degree murder. In this appeal he argues that the evidence introduced against him is insufficient to support a finding that the killing was "knowing." We disagree and affirm the judgment of the trial court.

The evidence introduced at trial clearly showed that the victim died of a single gunshot wound inflicted by the Defendant. The Defendant testified that the victim owed him a little over a hundred dollars for cocaine which he had sold to the victim. The Defendant saw the victim on the street and initiated a discussion about the debt. When the victim told the Defendant that he really did not have to pay the Defendant anything, the Defendant became angry and hit the victim in the face. During the ensuing fistfight, the victim was shot with the Defendant's pistol, which the Defendant had been carrying under his shirt in the waistband of his pants. The bullet penetrated the victim's chest area, resulting in the victim's death from injury to his vital organs and internal bleeding.

The facts in this case are basically undisputed, except the Defendant testified that during the struggle, his pistol accidentally discharged. He stated that the pistol fell out of his pants during the altercation. He said he picked up the gun while the two were still fighting, and he hit the victim "upside the head" with the gun. He stated, "The gun caught in my finger and that's when it had went off."

The Defendant argues that there is insufficient proof that he knowingly killed the victim. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191 (citing Cabbage, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914.

Second degree murder is defined as a knowing killing of another. Tenn. Code Ann. § 39-13-210(a)(1). Our legislature has defined knowing as follows:

> "Knowing" refers to a person who acts knowingly with respect to the nature of the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the

circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result . . . .

Tenn. Code Ann. § 39-11-106(a)(20).

In the light most favorable to the State, the evidence shows that the Defendant saw the victim, who he claimed owed him money from a prior drug transaction. The Defendant, armed with a concealed pistol, approached the victim about collecting this money. The victim's response angered the Defendant, and he struck the victim in the face. A fistfight then began, and the Defendant admitted that the victim was "getting the best of [the Defendant]." During his testimony at trial, the Defendant readily admitted that he struck the victim with the pistol, but he asserted that the firing of the pistol was accidental. The only other person who witnessed the event testified that he saw the two men fighting, heard the gunshot, and saw the victim fall to the ground. He stated that the Defendant continued striking the victim after the victim was on the ground. This witness stated that he never actually saw the firearm.

We believe the factual dispute in this case presented a classic jury issue. The credibility of the Defendant and the weight to be given to his testimony were issues resolved by the jury in favor of the State's theory of the case. Criminal intent is a matter to be determined by the jury after a consideration of all the facts and circumstances. State v. Holland, 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993). "A person can act knowingly irrespective of his or her desire that the conduct or result will occur." State v. Gray, 960 S.W.2d 598, 604 (Tenn. Crim. App. 1997) (citing State v. Rutherford, 876 S.W.2d 118, 120-21 (Tenn. Crim. App. 1993)).

-4-

In viewing the evidence in the light most favorable to the State, as we must do on appeal, we conclude that the evidence is sufficient to support the Defendant's conviction. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
NORMA McGEE OGLE, JUDGE