# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. HAROLD J. TURNER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-09301      Chris Craft, Judge**

———

**No. W2001-02613-CCA-R3-CD  - Filed September 4, 2002**

———

The defendant, Harold J. Turner, was convicted of driving under the influence ("DUI") and sentenced to eleven months, twenty-nine days in the county workhouse, with all but seven days suspended and the balance to be served on probation.  In addition, his driver's license was revoked for one year and he was ordered to attend alcohol safety school and pay a fine of $500.  In his appeal, the defendant argues that the trial court should have instructed the jury to consider whether he was guilty of driving while impaired without first having to determine that he was not guilty of DUI. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Tony L. Axam, Atlanta, Georgia (on appeal), and William Monroe, Memphis, Tennessee (at trial), for the appellant, Harold J. Turner.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and James Lammey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The State's first witness was Officer Carl Dyer of the Germantown Police Department who testified that while on duty on February 3, 2000, he observed an automobile strike the curb three times as he was observing traffic at the Carrefour Mall on Poplar Avenue.  He stopped the vehicle after seeing it "dart across lanes of traffic, northbound on Poplar and then come back southbound on Poplar and run across the curb there at Poplar and Kirby."  Officer Dyer described as he then went up to the vehicle:

As I approached the vehicle I observed a strong odor of alcohol, or intoxicant commonly associated as alcohol coming from the driver's side window. Upon speaking to the driver, he identified himself as Mr. Harold Turner and I observed his eyes to be red, blood shot and watery, and also, the very strong odor of alcohol coming from his person.

Officer Dyer said that the defendant, who was driving the vehicle, needed support as he got out and nearly fell before the officer grabbed him. The defendant sat in the rear of Officer Dyer's vehicle until the DUI van arrived. Metro DUI Officer Bruce Bickerstaff attempted to administer field sobriety tests to the defendant, as Officer Dyer observed. Dyer testified that the defendant did "very poorly." We have reviewed the videotape of the defendant's attempts to stand on one foot while counting and walk heel-to-toe, and it supports this assessment. Dyer described the defendant as being "very thick-tongued and confused," and said that, in his opinion, the defendant was very intoxicated.

Officer Bruce Bickerstaff, a Memphis police officer assigned to the Metro DUI Squad, testified as the State's next witness. He said that he asked the defendant six times if he wanted to submit to a breathalyzer test. The defendant "refused to cooperate and refused to answer" whether he would take the test, so Bickerstaff concluded that the defendant refused to do so. In his opinion, the defendant was "highly impaired." During his testimony, the videotape was played for the jury.

The State rested, following the testimony of Officer Bickerstaff; and the defense then rested without presenting proof.

## ANALYSIS

The defendant has presented, as the single issue on appeal, that his right to due process was violated by the trial court's instructing sequentially as to DUI and driving while impaired, with the jury not to consider the lesser offense unless it first determined that the defendant was not guilty of DUI. According to the defendant's argument, "such a prioritization was not expressly in the statute."

In analyzing this issue, we note first that, in an opinion released approximately two months after the trial of this matter, this court determined that the offense of adult driving while impaired is not a lesser-included offense of DUI:

> We conclude that proof that the offender is "twenty-one years (21) of age or older" is not "a less serious harm or risk of harm to the same person, property or public interest" or "a differing mental state indicating a lesser kind of culpability" under part (b) of the Burns test. Id. Accordingly, we hold that the offense of adult driving while impaired is not a lesser-included offense of driving under the influence under the test pronounced in Burns. See Burns, 6 S.W.3d

[453], 466-467 [Tenn. 1999]. Therefore, the trial court did not err by refusing to instruct the jury as to the offense of adult driving while impaired. This issue is without merit.

State v. Humphreys, 70 S.W.3d 752, 764 (Tenn. Crim. App.) (footnote omitted), perm. to appeal denied (Tenn. 2001).

Accordingly, the defendant was not entitled to have the jury instructed as to adult driving while impaired because it is not a lesser-included offense of DUI. However, the jury was instructed as to driving while impaired at the request of the defendant, after counsel had reviewed the trial court's intended instructions and saw that the jury was not going to be instructed as to this offense. The State objected to the jurors' being instructed as to adult driving while impaired.

Since the jury was instructed, at the defendant's request, as to an offense which was not a lesser-included offense of the indicted offense, it is axiomatic that the trial court did not err in instructing that the jury must first determine that the defendant was not guilty of the indicted offense before considering the second. However, even if adult driving while impaired were a lesser-included offense of DUI, the trial court would not have erred in its instructions. It is settled law that a jury is instructed to consider, in sequential fashion, first the indicted offense and then the lesser-included offenses:

> The appellant next contends that the trial court erred in giving sequential instructions on first degree murder, second degree murder, and voluntary manslaughter. We disagree. This court has repeatedly upheld "acquittal-first" instructions. See State v. Raines, 882 S.W.2d 376, 381-82 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994); State v. McPherson, 882 S.W.2d 365, 375 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994); State v. Rutherford, 876 S.W.2d 118, 119-20 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994); State v. Beckham, No. 02C01-9406-CR-00107, 1996 WL 389321 (Tenn. Crim. App., at Jackson, Sept. 27, 1995). Accordingly, this issue is without merit.

State v. Mann, 959 S.W.2d 503, 521 (Tenn. 1997).

Thus, we conclude that this issue is without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE