IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2018 Session

**CANDES PREWITT v. KAMAL BROWN**

**Appeal from the Circuit Court for Davidson County**
**No. 13C2894     Kelvin D. Jones, III, Judge**

_____

**No. M2017-01420-COA-R3-CV**

_____

This is a personal injury action in which the plaintiff seeks to recover damages incurred in an automobile accident. Although several issues are raised, the principal issues on appeal are whether the trial court erred by ordering the plaintiff to submit to an independent medical examination, and whether the court erred by sanctioning the plaintiff for refusing to submit to the examination by prohibiting her from offering any evidence at trial regarding medical bills or medical records related to future pain and suffering, future loss of enjoyment of life, and/or permanent impairment. The case was tried before a jury with the sanctions in place, and the plaintiff was awarded damages in the amount of $500.00 for her past pain and suffering. This appeal followed. Finding no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Candes V. Prewitt, Brentwood, Tennessee, pro se.[1]

Jay R. McLemore and Donald R. Ferguson, Franklin, Tennessee, for the appellee, Kamal Brown.

**OPINION**

Candes Prewitt ("Plaintiff") was involved in an automobile accident with Kamal Brown ("Defendant") on Interstate 24 in Nashville, Tennessee on June 1, 2013.[2] Plaintiff

---

[1] Although Ms. Prewitt is proceeding pro se, she is an attorney, licensed in Tennessee.

commenced this action on July 19, 2013, alleging Defendant caused the crash through the negligent operation of his vehicle and that Plaintiff "suffered serious bodily injuries in the collision . . . as a direct and proximate result of the negligent, reckless, wanton, and unlawful conduct of [Defendant]. . . ." Plaintiff sought damages for her past and future medical expenses, pain and suffering, severe mental distress, and loss of enjoyment of life.[3] Defendant filed an amended answer in which he accepted fault for the accident but disputed the nature and extent of Plaintiff's injuries.

On September 4, 2015, following the initial phase of discovery, Defendant filed a Tenn. R. Civ. P. 35 motion for an Independent Medical Examination ("IME") of Plaintiff. When the court granted the motion, Defendant made several attempts to schedule the IME at a time convenient to Plaintiff but received no response. Thereafter, Defendant scheduled the IME on December 1, 2015, and provided notice of the IME to Plaintiff on October 22, 2015. Plaintiff never responded, and more importantly, failed to appear. As a consequence, Defendant was forced to pay a $750 "no-show" fee to the physician.

On December 7, 2015, Defendant filed a motion to compel Plaintiff to submit to the IME. Plaintiff responded by filing a motion for protective order in which she sought a different method of discovery. The trial court denied Plaintiff's motion for protective order and granted Defendant's motion to compel. The trial court did not specify a date for the IME, stating instead that the IME was "to be scheduled by the parties." Following the denial of her motion for protective order, Plaintiff sought interlocutory relief under Tenn. R. App. P. 9, which the trial court denied. Thereafter, Plaintiff filed an application pursuant to Tenn. R. App. P. 10 for permission to appeal on May 5, 2016, which this court denied on May 16, 2016.

Armed with the trial court's order compelling Plaintiff to submit to the IME, Defendant again attempted to coordinate the IME with Plaintiff's schedule, and again, Plaintiff refused to cooperate. Fearing another $750 "no-show" fee, Defendant elected not to unilaterally schedule another IME. Instead, Defendant sent Plaintiff four letters,

---

[2] AllState Insurance Company and Eugene Brown, the named insured under the Allstate policy, were also named as defendants, but they have been dismissed from the case and are not involved in this appeal.

[3] There were originally two plaintiffs in this action, the other being Sandra Prewitt, Plaintiff's mother, who owned the vehicle Plaintiff was driving. The complaint additionally sought to recover damages incurred by Sandra Prewitt for damage to her car, including the value of the car and damages resulting from the loss of use of the vehicle. Upon the defendant's motion, the trial court bifurcated the claims of Sandra Prewitt for property damage from those of Candes Prewitt for personal injuries. The case by Sandra Prewitt went to trial, and an appeal has already concluded involving her property damage claims. *See* [Sandra] *Prewitt v. Brown*, 525 S.W.3d 616 (Tenn. Ct. App. 2017), *appeal denied* (May 18, 2017). Only Plaintiff's personal injury claims are at issue in this appeal.

listing the physician's availability and requesting that Plaintiff choose one of the available dates and times.[4] Plaintiff never responded.

Following Plaintiff's refusal to cooperate in scheduling the IME, Defendant filed a motion to dismiss the complaint. After a hearing on July 22, 2016, the trial court ruled that Plaintiff was in willful violation of its March 2 order. However, instead of dismissing the complaint, the trial court imposed discovery sanctions by prohibiting Plaintiff from offering any testimony or evidence at trial regarding medical damages, medical bills, or medical records related to future pain and suffering, future loss of enjoyment of life and/or permanent impairment.

Following a two-day jury trial held on February 28 and March 1, 2017, the jury awarded Plaintiff $500.00 for past pain and suffering. Thereafter, Plaintiff filed a motion challenging, *inter alia*, the denial of her pre-trial motion to delay the trial as well as the jury instructions. She also asked for a new trial and asked that the trial judge be recused from the case. When the trial court denied relief, this appeal followed.

## ISSUES

Plaintiff raises nine issues on appeal.[5] We have rephrased the issues as follows:

---

[4] Defendant sent letters to Plaintiff on April 11, 2016, April 18, 2016, May 3, 2016, and May 20, 2016.

[5] Plaintiff presents the following issues for our review:

> (1) Whether the trial court erred and abused its discretion upon entering the March 2, 2016, Order compelling the physical examination of Plaintiff, because the subject motion compelling said examination was granted absent compliance with all requirements of Tennessee Rule of Civil Procedure 35.01 and Tennessee Law?
>
> (2) Whether the trial court erred and abused its discretion upon entering the March 2, 2016, Order finding Plaintiff in willful contempt of court, because said finding was made by the trial outside of the rules of court and Tennessee law, and greatly negatively impacted the trial for this matter, as well as the ultimate outcome of the case?
>
> (3) Whether the trial court erred and abused its discretion in admitting Defendant's expert testimony at trial, because Plaintiff was denied the opportunity to challenge said expert's qualifications to testify as such and said testimony was admitted in violation of rules of court?
>
> (4) Whether the trial court erred and abused its discretion in the admission of a selection of Plaintiff's medical records into evidence by Defendant, because said medical records entered had been altered by the defense?

(continued…)

- 3 -

1. Whether the trial court erred by compelling an IME of Plaintiff?

2. Whether the trial court erred by imposing sanctions due to Plaintiff's refusal to submit to an IME?

3. Whether the trial court erred by denying Plaintiff's pre-trial motion for a continuance of the trial?

4. Whether the court erred in admitting certain evidence over Plaintiff's objections?

5. Whether the trial court erred in its jury instruction?

6. Whether the trial court erred by denying Plaintiff's motion for recusal?

---

(5) Whether the trial court erred and abused its discretion in the admission of photographs of the vehicle driven by Plaintiff during the subject June 1, 2013, automobile collision into evidence, because the property damage claims in this action had previously been bifurcated for a separate trial and the subject photographs caused confusion, with respect to the issues for trial, as well as were misleading?

(6) Whether the trial court erred and abused its discretion in the admission of the reading of statements by Plaintiff from the police report from the subject June 1, 2013, automobile collision at Defendant's direction at trial, because the trial court previously granted Defendant's motion in limine to specifically exclude said police report?

(7) Whether the trial court erred and abused its discretion with respect to the jury pertaining to certain matters, because the jury was not properly charged on the issues of causation and fault, and evidence was presented to the trial court in support of the contention that the jury did not entirely exercise its own judgment in reaching the verdict?

(8) Whether the trial court erred and abused its discretion with respect to the scheduling of the trial for the present action, because the trial was not continued, despite a request to do so, although major evidentiary issues remained unresolved?

(9) Whether the trial court erred and abused its discretion upon the denial of Plaintiff's motion for recusal for a lack of impartiality, because evidence was presented that could prompt a reasonable, disinterested person to believe the trial judge's impartiality might reasonably be questioned?

## STANDARD OF REVIEW

All issues, except with respect to the jury instructions, involve discretionary decisions that are reviewed pursuant to the "abuse of discretion" standard of review. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). The abuse of discretion standard does not permit reviewing courts to substitute their discretion for that of the trial court. *Id*. Nevertheless, the abuse of discretion standard of review does not immunize a lower court's decision from any meaningful appellate scrutiny. *Id*.

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

> … [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524-25 (internal citations omitted).

Therefore, we shall review each of the trial court's decisions to determine, where applicable, whether there is a factual basis for the decision in the record, whether the court properly identified and applied the relevant legal principles, and whether the decision is within the range of acceptable alternative dispositions. *Id*. at 524.

As for Plaintiff's challenge to the jury instructions, whether a jury instruction is erroneous is a question of law, which is subject to de novo review with no presumption of correctness. *Nye v. Bayer Cropscience, Inc*., 347 S.W.3d 686, 699 (Tenn. 2011).

## ANALYSIS

### I. INDEPENDENT MEDICAL EXAMINATION

Plaintiff contends the trial court erred by compelling an IME of Plaintiff. She also contends the trial court erred by imposing sanctions due to Plaintiff's refusal to submit to an IME. We shall discuss each of the issues in turn.

Tennessee Rule of Civil Procedure 35.01 provides, in pertinent part, "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court . . . may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . ." The rule also states that "[t]he order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and *scope of the examination* and the person or persons by whom it is to be made." *Id*. (emphasis added).

Plaintiff placed her mental and physical condition in controversy when she alleged that she suffered "pain and suffering, severe mental distress, and loss of enjoyment of life," as a result of Defendant's actions, and sought compensatory damages for "all past, present, and future medical expenses." Accordingly, Defendant had a meritorious basis upon which to request that Plaintiff undergo an IME. Having determined that Plaintiff placed her mental and physical condition in controversy, we affirm the trial court's ruling to compel Plaintiff to submit to an IME of her physical and mental health, based on the injuries and damages alleged by Plaintiff and defenses asserted by Defendant.

Although the trial court acted within its discretion by compelling Plaintiff to submit to an IME, it failed to limit the scope of the examination as Rule 35.01 requires. Nevertheless, Plaintiff failed to effectually communicate her justifiable objections to the trial court by, at first, refusing to communicate with anyone, and later by filing a vague motion for a protective order that was devoid of a factual or legal justification. Stated another way, Plaintiff failed to inform the trial court of the factual or legal basis of her objections that arose from the court's failure to limit the scope of the IME, and it was not the responsibility of the trial court to search for a meritorious basis if Plaintiff failed to articulate it. More significantly, Plaintiff failed to inform the trial court of what she has provided to this court for our consideration in this appeal.

Although Plaintiff vaguely objected to the "volume, nature, and extent" of the examination, the record before us allows us to appreciate why Plaintiff took exception to portions of the questionnaire mailed to her in advance of the IME by the independent medical examiner, Dr. Jeffrey Hazlewood. The questionnaire included topics that appear to have no relevance to the injuries and damages Plaintiff placed in controversy. For example, Plaintiff was asked to state if she had been sexually abused as a child. We fail to see how this question, and possibly others, would fall within the appropriate scope of

an IME of Plaintiff. More importantly, we are confident the trial court would have limited the scope following the motion for a protective order had Plaintiff presented this information to the trial court. However, she did not. Nevertheless, the trial court denied Plaintiff's motion for a protective order without specifying or limiting the scope of the examination.

Following the denial of her motion for a protective order, Plaintiff sought interlocutory relief under Tenn. R. App. P. 9, which the trial court denied. Thereafter, Plaintiff filed an application for an extraordinary appeal pursuant to Tenn. R. App. P. 10 on May 5, 2016, which this court denied on May 16, 2016.

Following the denial of her interlocutory and extraordinary appeals, the order compelling Plaintiff to submit to an IME remained in effect. Thereafter, Plaintiff failed to answer any portion of the questionnaire from Dr. Hazelwood, even those relevant to the injuries and damages she placed in controversy.[6] Moreover, Plaintiff failed to appear for the court ordered IME, and by failing to do so, Plaintiff was in direct contravention of the order compelling her to submit to an IME.

Thereafter, Defendant filed a motion to dismiss all claims raised by Plaintiff. The trial court denied that motion and, instead, elected to impose discovery sanctions by prohibiting Plaintiff from presenting any medical evidence of "future pain and suffering, future loss of enjoyment of life, and/or permanent impairment." Plaintiff contends this was error for the following reasons.

Plaintiff first argues that she did not violate the trial court's order because an IME was never scheduled. We find this contention disingenuous because the order clearly states that the IME was to be scheduled by "the parties," and Plaintiff refused to participate in scheduling the IME. In fact, she refused to respond to multiple requests to schedule the IME at a time convenient to her. Therefore, Plaintiff violated the order requiring her to cooperate in scheduling the IME.

Plaintiff next argues that she was justified in disobeying the order compelling an IME because the order was invalid. In this regard, she contends Defendant made no showing of "good cause," the IME was unnecessary, and the order was overly broad. We find these arguments unavailing. Defendant was justified in seeking an IME, and he established good cause by showing that Plaintiff had placed her physical and medical condition in controversy. Therefore, an IME, at least one with an appropriate "scope," was necessary. Although the order compelling Plaintiff to submit to an IME failed to

---

[6] Not at issue in this appeal is whether Plaintiff could have answered the relevant questions while refusing to answer the irrelevant questions, after the trial court denied the motion for a protective order, without violating the court's order.

appropriately limit the scope of examination, once she exhausted her interlocutory and extraordinary appeals, she had no option but to submit to an IME. When Plaintiff failed to schedule and failed to appear for an IME, she was in direct contravention of not one, but two trial court orders, the purpose of which was to further discovery.[7]

As a consequence of Plaintiff's failure to comply, the trial court imposed sanctions. We have determined that the trial court acted within its discretion by imposing the sanctions of which Plaintiff now complains.

Tennessee Rule of Civil Procedure 37.02 states:

> If a . . . party . . . *fails to obey an order* to provide or *permit discovery*, including an order made under Rule 37.01 or *Rule 35* . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> .   .   .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or *prohibiting that party from introducing designated matters in evidence*;
>
> .   .   .
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders *except an order to submit to a physical or mental examination*[.]

(Emphasis added).

By refusing to schedule or submit to an IME, Plaintiff failed to obey two orders to permit discovery. Based on Plaintiff's refusal, the trial court had the discretion to issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or *prohibiting that party from introducing designated matters in evidence*. . . ." Tenn. R. Civ. P. 37.02(B) (emphasis added). Given Plaintiff's refusal to comply with the discovery orders, the trial court acted within its discretion to impose sanctions prohibiting Plaintiff from introducing evidence which likely would have been discovered,

---

[7] Had Plaintiff appeared for the IME, whether Plaintiff could have insisted that Dr. Hazelwood limit the scope of the physical examination without violating the court's order is not at issue in this appeal.

had Plaintiff complied with the orders. Accordingly, we find no error with the trial court's decision.

## II. PRE-TRIAL MOTION TO CONTINUE TRIAL DATE

Plaintiff contends the trial court abused its discretion by denying her motion to continue the trial date, which was set to begin twelve days later.

Plaintiff made an oral motion on February 16, 2017, to continue the trial date at the conclusion of a hearing during which the trial court ruled that Plaintiff's recently disclosed expert witness, her chiropractor, could not provide opinion testimony concerning her condition. The court's reason for prohibiting the expert from rendering opinion testimony was due to the fact Plaintiff did not identify her chiropractor as an expert witness until after the deadline to do so had passed, as established in a case management scheduling order.[8]

The trial date and the scheduling order deadlines were set during a case management conference on August 16, 2016, which was six months before the scheduled trial date. Our trial courts "possess broad discretionary authority to control their dockets and the proceedings in their courts." *Hessmer v. Hessmer*, 138 S.W. 3d 901, 904 (Tenn. Ct. App. 2003). Considering the fact the case had been pending for more than three years and the issues were, or should have been, straightforward, we find no abuse of discretion in the denial of Plaintiff's motion to continue the trial date.

## III. EVIDENTIARY ISSUES

Plaintiff raises several issues that pertain to discretionary evidentiary decisions; however, we have determined that Plaintiff has waived these issues by failing to provide an appropriate record. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993).

"When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *Id*. at 560 (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)). The burden is on the appellant to provide a transcript of the evidence or a statement of the evidence. Tenn. R. App. P. 24(b) and (c).

---

[8] As Defendant correctly notes in his brief, Plaintiff requested an extension of the deadline to designate expert witnesses so she could designate her treating chiropractor as an expert witness. She also stated that she needed more time to review a redacted version of Dr. Hazlewood's video deposition, "even though Plaintiff was present during Dr. Hazlewood's entire video deposition, and the redactions were made to benefit her by removing any reference to her refusal to attend the IME exam."

The record before us does not include either a verbatim transcript of the evidence or a statement of the evidence. *See id*. Thus, we do not know the evidence proffered by either party, if an objection was made to that evidence, if so, on what ground, or why the court elected to exclude or admit such evidence. "The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010–01503–COA–R3–CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012).

Plaintiff presents four issues, each of which constitutes a challenge to the admissibility or exclusion of evidence, which is within the sound discretion of the trial court. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992).

> (1) Whether the trial court erred and abused its discretion in admitting Defendant's expert testimony at trial, because Plaintiff was denied the opportunity to challenge said expert's qualifications to testify as such and said testimony was admitted in violation of rules of court?

> (2) Whether the trial court erred and abused its discretion in the admission of the reading of statements by Plaintiff from the police report from the subject June 1, 2013, automobile collision at Defendant's direction at trial, because the trial court previously granted Defendant's motion in limine to specifically exclude said police report?

> (3) Whether the trial court erred and abused its discretion in the admission of a selection of Plaintiff's medical records into evidence by Defendant, because said medical records entered had been altered by the defense?

> (4) Whether the trial court erred and abused its discretion by allowing Defendant to admit into evidence photographs depicting modest damage to her automobile.

Each of these issues challenges a fact-based, discretionary decision to admit or exclude evidence, which will be overturned on appeal only when there is an abuse of discretion. *Mercer*, 134 S.W.3d at 131. Moreover, we are required to affirm the decision of the trial court in the absence of a transcript of the evidence or a statement of the evidence. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992).

> Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct.

App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969). The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court. The appellant has failed to carry this burden. This issue is without merit.

*Id*.

For the foregoing reasons, we find these evidentiary issues have been waived due to Plaintiff's failure to provide a record that conveys a fair, accurate, and complete account of what transpired with respect to these issues.

## IV. JURY INSTRUCTIONS

Plaintiff alleges that the trial court's pattern jury instructions on causation and fault were improper because Defendant admitted fault for the accident.[9] Plaintiff contends that Defendant's admission of fault for the accident left only the issue of damages to be tried, and that the trial court's instructions on causation and fault confused the jury. We have determined that Plaintiff misconstrued the effect of Defendant's admission that "he was not without fault in causing the collision," as constituting an admission of "sole liability." It does not. Despite admitting that "he was not without fault in causing the collision," Defendant disputed the nature and extent of Plaintiff's injuries and demanded "strict proof of any and all damages."

As noted earlier, whether a jury instruction is erroneous is a question of law, which is subject to de novo review with no presumption of correctness. *Nye*, 347 S.W.3d at 699.

The legitimacy of a jury's verdict is dependent on the accuracy of the trial court's instructions, which are the sole source of the legal principles required for the jury's deliberations. Therefore, a trial court is under a duty to impart "substantially accurate instructions concerning the law applicable to the matters at issue."

---

[9] In her brief, Plaintiff states, "[T]he jury was not properly charged on the issues of causation and fault . . . and evidence was presented to the trial court in support of the contention that the jury did not entirely exercise its own judgment in reaching the verdict[.]"

*Id*. (citations omitted).

When considering whether the trial court erroneously instructed the jury, "it is our duty to review the charge in its entirety and consider it as a whole, and the instruction will not be invalidated if it 'fairly defines the legal issues involved in the case and does not mislead the jury.'" *Id*. (quoting *Otis*, 850 S.W.2d at 446). Significantly, however, "[t]he judgment of a trial court will not be set aside based on an erroneous jury instruction unless it appears that the erroneous instruction more probably than not affected the judgment of the jury." *Id*. (citing Tenn. R. App. P. 36(b); *Gorman v. Earhart*, 876 S.W.2d 832, 836 (Tenn. 1994)).

The Tennessee Pattern Jury Instructions are frequently used as a source for instructions in the trial court. *State v. Rutherford*, 876 S.W.2d 118, 120 (Tenn. Crim. App. 1993). Nevertheless, a pattern instruction does not displace the trial court's obligation to prepare and use fair and accurate instructions, *State v. Phipps*, 883 S.W.2d 138, 152 (Tenn. Crim. App. 1994), or trial counsel's obligation to call material misstatements or omissions to the trial court's attention. Here, the trial court's jury instructions were taken directly from the Tennessee Pattern Jury Instructions. More importantly, and contrary to Plaintiff's contention, the instructions given to the jury in this case accurately stated the applicable law concerning an issue being tried and properly guided the jury in fulfilling its responsibilities.

Finding no error with the jury instructions, we affirm the trial court.

## V.  MOTION FOR RECUSAL OF TRIAL JUDGE

Plaintiff contends the trial court erred by denying her post-trial motion for recusal. Tennessee Supreme Court Rule 10B sets out the procedures that ***shall be*** employed to determine whether a judge should preside over a case. In pertinent part the rule provides:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record . . . shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge. . . .

Tenn. Sup. Ct. R. 10B, § 1.01.

In her brief on appeal, Plaintiff states on page 71 that she "moved the trial court for recusal, pursuant to Tenn. R. Civ. P. 63, enabling any other judge to proceed, based upon the contention that . . . Judge Kelvin D. Jones, is unable to proceed due to a lack of

- 12 -

impartiality." Unfortunately, Rule 63 has nothing to do with a motion to recuse a judge on the ground of bias or impropriety. To the contrary, it only pertains to circumstances where the judge who was presiding over a case becomes ill or is otherwise unable to preside over the rest of the case. That is not the case here because not only was Judge Jones able to preside, he indeed did preside over the case through the entry of a final judgment, from which Plaintiff appeals.

Nevertheless, we acknowledge that Plaintiff filed "a motion" in the trial court in which she sought the recusal of Judge Jones.[10] We also acknowledge that she filed "an affidavit" in support of the motion. However, the motion and affidavit focus entirely on what Plaintiff perceived to be very bad decisions by Judge Jones and which Plaintiff contends establish that Judge Jones was biased because his rulings, many of which were adverse to Plaintiff, prove his bias.

We start our analysis of the grounds for recusal understanding that a party challenging the impartiality of a judge "must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Adkins v. Adkins*, No. M2017-00495-COA-T10B-CV, 2017 WL 1960549, at *7 (Tenn. Ct. App. May 11, 2017) (citing *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002) (quoting *Davis v. Dep't of Emp't Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)). Next, we note that Plaintiff did not file her motion for recusal until the jury trial had concluded. It is also significant that the trial judge presided over this action for more than three years prior to the motion for recusal being filed. This is significant because a trial judge's adverse rulings are not usually sufficient to establish bias. *Id.* (citing *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008)).

More importantly, the grounds upon which Plaintiff relies are insufficient because "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* (quoting *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Id.* (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001)).

The foregoing deficiencies notwithstanding, we acknowledge that the trial judge failed to fulfill his Tenn. Sup. Ct. R. 10B responsibilities when he denied the motion to recuse by simply stating: "Plaintiff's motion for recusal is hereby DENIED." The trial court's order denying the motion for recusal was woefully inadequate because Rule 10B

---

[10] The Motion was titled "Plaintiff's Motion For Permission To Appeal, Application For A Stay And Motion For Recusal."

states with clarity: "Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. ***If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion***." Tenn. Sup. Ct. R. 10B, § 1.03.

Due to the deficiencies in the trial court's order, if this court had any uncertainty concerning whether recusal was appropriate, we could choose to remand with instructions for the trial judge to comply with the mandate in Section 1.03, or reverse with instructions for the trial court to grant the motion. However, due to Plaintiff's misplaced reliance on Tenn. R. Civ. P. 63, which is inapplicable, her failure to substantially comply with Rule 10B, and realizing that her grounds are primarily based on rulings she claims were erroneous, which do not, without more, justify disqualification, *see Alley v. State*, 882 S.W.2d at 821; *see also Davis*, 38 S.W.3d at 565, we find no error with the trial court's denial of the motion to recuse. Therefore, we affirm the decision to deny the motion for recusal.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant, Candes V. Prewitt.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 14 -